UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NADIN K.,

          Petitioner,

v.

WILLIAM P. BARR, Attorney General;
KEVIN MCALEENAN, Acting Secretary,
Department of Homeland Security;
MATTHEW T. ALBENCE, Acting
Director, Bureau of Immigration and
Customs Enforcement; PETER BERG,
Director, St. Paul Field Office
Immigration and Customs Enforcement;
and JOEL BROTT, Sherburne County
Sheriff,

          Respondents.[1]

Case No. 18-CV-3223 (PJS/BRT)

ORDER

Nadin K., pro se.

Ana H. Voss and Ann M. Bildtsen, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This is a habeas action brought under 28 U.S.C. § 2241 by petitioner Nadin K., a removable alien who was being detained under 8 U.S.C. § 1231. In a Report and

---

[1] Pursuant to Fed. R. Civ. P. 25(d), William P. Barr, Attorney General, is substituted for Jefferson B. Sessions, III. Kevin McAleenan, Acting Secretary of the Department of Homeland Security, is substituted for Kirstjen Nielsen. And Matthew T. Albence, Acting Director of the Bureau of Immigration and Customs Enforcement, is substituted for Thomas Homan.

Recommendation ("R&R") dated March 11, 2019, Magistrate Judge Becky R. Thorson recommended that Nadin's petition be denied. Nadin objects to the R&R. Because the case is moot, the Court will overrule the objection and decline to adopt the R&R.

Nadin came to the United States from Liberia in October 2000. In May 2017, after Nadin committed a number of crimes, the Bureau of Immigration and Customs Enforcement ("ICE") detained him and initiated removal proceedings. ECF No. 6 at 3-4. Several months later, in December 2017, an immigration judge ordered Nadin removed to Liberia. *Id.* at 4. But in April 2019, after months of post-removal-order detention, ICE released Nadin from custody along with certain conditions. ECF No. 22-1 at 3-6.

The question before the Court is whether Nadin's release from ICE custody renders his habeas petition moot. "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). No ongoing case or controversy exists when a habeas petitioner achieves the result sought in his habeas petition because, at that point, his "change in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (quotation omitted).

The Court concludes that Nadin's case is moot because he has been released. *See Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that an alien's release from detention on an order of supervision mooted his challenge to the legality of his

extended detention).  Nadin's petition sought "release . . . from custody."  ECF No. 1 at 8.  Nadin has been released from custody.  ECF No. 22-1 at 1-6.  So even if the Court were to grant Nadin's habeas petition, he "would find himself in *precisely* the situation in which he already finds himself."  *Kargbo v. Brott*, No. 15-CV-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016).  "This is the very definition of mootness."  *Id.*; *see Sanchez v. Attorney General*, 146 F. App'x 547, 549 (3d Cir. 2005) (concluding that the habeas appeal was moot because the alien had obtained release from detention).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner Nadin K.'s objections [ECF No. 20] and DECLINES TO ADOPT the R&R [ECF No. 17] because the case is moot.  IT IS HEREBY ORDERED THAT:

1. Nadin K.'s application for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE as moot.

   LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 17, 2019                     s/Patrick J. Schiltz
                                                                     Patrick J. Schiltz
                                                                     United States District Judge